# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **EVERLINE HANMONT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No. 08-2523-GLR |
| | ) | |
| **FLOYD OSWALD, THOMAS D. WAGNER,** | ) | |
| **JOHN E. BISHOP, BOARD OF COUNTY** | ) | |
| **COMMISSIONERS OF ATCHISON COUNTY,** | ) | |
| **KANSAS, PEGGY HOUSE, as individuals and** | ) | |
| **as officials of ATCHISON COUNTY,** | ) | |
| **KANSAS, and ATCHISON SENIOR VILLAGE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Fees and Costs (doc. 25). Plaintiff indicates that on November 17, 2008, a Notice of Lawsuit and Request for Waiver of Service was sent to each Defendant via certified mail pursuant to Fed. R. Civ. P. 4(d)(1). Plaintiff also indicates that all of the Defendants in this matter, except Atchison Senior Village and Peggy House, failed to execute a waiver of service. Plaintiff asserts that, because Defendants failed to waive service, Plaintiff is entitled to reimbursement for the expenses associated with personal service of the summons, pursuant to Fed. R. Civ. P. 4(d)(2). As discussed below, the Court defers ruling on the motion pending further clarification by the parties as to the compliance by Plaintiff with Rule 4(d).

Fed. R. Civ. P. 4(d)(1) states that a plaintiff may request "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h)" to waive service of a summons. The request must be in writing and addressed to the individual defendant or "a defendant subject to service under Rule 4(h)," and must contain "a copy of the complaint, two copies of a waiver form,

and a prepaid means for returning the form."[1] The request must also provide the date when it was sent, and notice to the defendant "of the consequences of waiving and not waiving service."[2] In addition, the request must "give the defendant a reasonable time of at least 30 days" to waive service by returning the waiver.[3]

As to Defendant Board of County Commissioners of Atchison County, Kansas ("the Board"), Defendants contend that the Board "is not subject to the waiver provisions of Fed. R. Civ. P. 4(d)," and that because "Plaintiff neglected to follow the provisions for service which applied to the Board," Defendants are not responsible for any fees and costs associated with service on the Board. The Court finds that the Board is not subject to waiver of service under Fed. R. Civ. P. 4(d). "By its terms, subsection (d) of Fed. R. Civ. P. 4, the subsection regarding waiver of service, does not apply to service of process upon [s]tate or [l]ocal governments."[4] Rather, Fed. R. Civ. P. 4(j) sets forth the proper method for serving a state or local government entity. Plaintiff's claim for fees and costs against the Board is denied.

The individual Defendants contend that Plaintiff "could have served [them] . . . in their individual capacity by return receipt delivery," pursuant to K.S.A. 60-303(c)(1), "without incurring the fees associated with a process server." Their argument, however, does not dispose of the issue. Fed. R. Civ. P. 4(e) states that "[u]nless federal law provides otherwise, an individual . . . *may* be served" by "following state law for serving a summons" *or* by personally serving the summons.

---

[1] Fed. R. Civ. P. 4(d)(1)(A)-(C).

[2] Fed. R. Civ. P. 4(d)(1)(D)-(E).

[3] Fed. R. Civ. P. 4(d)(1)(F).

[4] *Scherer v. City of Merriam*, No. 01-2092-KHV, 2001 WL 1718108, at *2 (D. Kan. July 5, 2001).

Although K.S.A. 60-303(c)(1) provides for service by certified mail, section (a) of that statute makes it clear that service by certified mail is simply one option to effect proper service of a summons. Defendants have cited no statute or other authority that would require Plaintiff to effect service under state law and serve the summons by certified mail. The Court otherwise knows of none.

Plaintiff bears the burden, nevertheless, to demonstrate that she effected proper service of process, pursuant to Rule 4(d)(1).[5] In *Scherer v. City of Merriam*, the plaintiff moved the court to order individual defendants to "pay costs associated with effecting formal service of process" after they failed to waive service of the summons.[6] The court, however, declined to assess fees and costs against the individual defendants because the plaintiff failed "to provide any documentation to support his assertion that he provided a valid request for waiver of service to such defendants and/or allowed them sufficient time to respond to such request."[7] The court thus concluded that the plaintiff had not satisfied his burden to show compliance with Rule 4(d).[8]

In this case Plaintiff states in her Motion that she mailed a sufficient Notice of Lawsuit and Request for Waiver of Service to Defendants in compliance with the Rule. But she provides no documentation, as would be required by *Scherer*, to show exactly what was sent to the individual Defendants, whether the information to them used the text of Form 5 as to the consequences of waiving or not waiving service, whether they were accorded sufficient time to respond to the request

---

[5] *See Fredyma v. Commonwealth of Mass.*, No. 91-1573, 1992 WL 98315, at *3 (1st Cir. May 12, 1992); *Neely v. Eshelman*, 507 F. Supp. 78, 80 (E.D. Pa. 1981).

[6] No. 01-2092-KHV, 2001 WL 1718108, at *1-2 (D. Kan. July 5, 2001).

[7] *Id.* at *2.

[8] *Id.*

for waiver, or whether there was otherwise full compliance with Rule 4(d)(1). Following *Scherer*, the Court finds the showing by Plaintiff to be insufficient in the absence of such documentation.

The Court also notes, however, that Defendants have not denied the assertions by Plaintiff that her requests for waivers complied with Rule 4(d). Nor have they objected to the lack of documentation. Fed. R. Civ. P. 4(d)(2) provides that, upon a failure without good cause to sign and return a waiver, "the court must impose on the defendant" reasonable expenses, including attorney's fees, of any motion required to collect the service expenses.

For all the foregoing reasons, the Court will defer ruling upon the motion, pending further clarification by the parties as to the compliance by Plaintiff with Rule 4(d). Accordingly, it will grant Plaintiff twenty days from the date of this Order within which to complete the record by filing copies of the documents she served upon the individual Defendants to comply with Rule 4(d)(1). Defendants will thereafter have twenty days within which to file any response to such filings by Plaintiff. The Court will then rule upon the instant motion.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas on this 12th day of August, 2009.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge